### E. B. RUTLEDGE v. W. H. BROWN, Recorder.

1. CORPORATION, MUNICIPAL. *Privileges. Taxation.* In respect to privileges, a municipal corporation is left to the exercise of a sound discretion in imposing taxes thereon, unless restricted by the Legislature in the charter of incorporation, or by some general law of the State, subject to the revision of the courts for oppression.

2. SAME. *Same. Same.* Municipal corporations are limited by the act of 1869, ch. 38, sec. 2, (T. & S. Rev. Code, sec. 691*g*) in fixing the license of retail liquor dealers to a sum not exceeding the State tax, and this section has never been repealed.

3. SAME. *Same. Liquor dealers.* The act of 1883, ch. 106, sec. 4, fixes the State tax on liquor dealers in a town of the population of Gallatin at $150 per annum, and the corporate authorities of that town could only levy a municipal tax on the privilege to the same amount. The levy is not void in toto, but only for the excess.

---

#### FROM SUMNER.

---

Appeal in error from the Circuit Court of Sumner county. JO. C. STARK, J.

J. J. TURNER for Rutledge.

HEAD BROS. for Brown.

COOPER, J., delivered the opinion of the court.

Action commenced before a justice of the peace to recover money paid under protest to the defendant as recorder of the town of Gallatin upon an alleged illegal assessment of a privilege tax. The case was tried by the judge without a jury, who found the

matters in controversy in favor of the defendant. Plaintiff appealed.

The plaintiff is a retail liquor dealer in the town of Gallatin. The charter of that town empowers the corporate authorities to levy and collect taxes upon all privileges taxable by the laws of the State. The tax levied on retail liquor dealers for the year 1884, which is the tax complained of, was $225. The contention is that the tax is oppressive. But the circuit judge, upon the evidence introduced by the parties, found the issue in favor of the defendant, and we cannot say that there is no evidence to sustain the finding. The proof must be very clear to authorize the courts to interfere with the discretion of the municipality in the taxation of privileges. There is testimony to the effect that in the discussion of the matter by the municipal board, some of the members argued for increasing the tax as a means of limiting the number of drinking saloons. But the question is one of power in the board, and if the ordinance be within their power, the motive of the members cannot be enquired into.

The State tax on liquor dealers is fixed by the act of 1883, ch. 106, sec. 4, in a town of the population of Gallatin, at $150 per annum. The plaintiff insists that the corporation of Gallatin is limited in its taxation of the privilege to this sum. The claim is based upon the act of 1869, ch. 38, sec. 2, brought into T. & S.'s Rev. Code in sec. 691g. The act is entitled "An act to fix the license of retail liquor dealers, and for other purposes." The first

section of the act fixed the rate of the State tax on liquor dealers at a specified sum of money in proportion to the population of the town or city. The second section reads thus: "That for the use of the county or incorporated town in which said privilege is exercised, such additional license, not exceeding the State license for each, may be imposed by the county court and the authorities of such city or town." The next section provides for a merchant's tax on the liquor dealer's stock, in addition to the privilege tax. The defendant insists that the section above quoted has been repealed by the act of 1883, ch. 105. That act is entitled, "An act to provide more just and equitable laws for the assessment and collection of revenue for State, county and municipal purposes, and to repeal all laws now in force whereby revenue is collected from the assessment of real estate, personal property, privileges and polls." If the body of the act had carried out the latter part of the caption, the act of 1869, with other revenue acts, would have been repealed. The repealing clause of the act only includes the revenue acts specially designated, from 1875 to 1881 inclusive, and repeals them "so far as they conflict with this act," and then adds: "That all acts and parts of acts upon the subject of assessment and collection of taxes, and sale of land for taxes, in conflict with the provisions of this act, and all other acts in conflict with the provisions of this act, be and they are hereby repealed." The act of 1883, ch. 105, contains no provision at all upon the subject of the privilege taxes to be levied by muni-

cipal corporations. The act of 1883, ch. 106, which fixes the rate of State taxation on privileges, by its second section limits the county tax on property so that it shall not exceed the State tax, exclusive of the tax for public roads and schools, and interest on county debt. The caption of this latter act is: "An act to provide revenue for the State of Tennessee and the counties thereof," but in the body of the act nothing is said about the rate of the privilege tax to be levied either by counties or municipal corporations.

The act of 1883, ch. 105, sec. 86, is as follows: "That this act shall not be construed as to prevent towns acting under charters of incorporation from providing for the assessment and collection of taxes in pursuance of their charter for municipal purposes; *provided,* that the collection of taxes under this section shall apply only to cities having their own tax collector." It is contended by the defendant that this section restores the corporations "having their own tax collector" to all their unlimited charter rights as to the taxation of privileges. For in respect to privileges, a municipal corporation is left to the exercise of a sound discretion in imposing a tax thereon unless restricted by the Legislature in the charter of incorporation, or by some general law of the State: *Adams* v. *Mayor,* 2 Head, 363. But the section quoted simply leaves the particular corporations with all the rights they had, unaffected and unimpaired by the provisions of the act, and its object was to take such corporations out of the general system of the

act touching the collection of State and county revenue. We have not been able to find, after a somewhat careful examination, any act which repeals the section under consideration.

The corporate authorities had the power to levy the privilege tax in question, but was limited to the amount of the tax imposed by the State. The levy was not void *in toto*, but only for the excess.

The judgment of the court below will be reversed, and a judgment rendered here in favor of the plaintiff and against the defendant for $18.75, with interest from the date of payment to this date, and the costs of the cause.